UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>EDOUARD MOTLEY<br><br>Defendant. | CASE NO. 25-cr-00208<br><br>ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Defendant Edouard E. Motley's Motion to Revoke Detention Order. Dkt. No. 16. Mr. Motley appeals the September 30, 2025, order of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. No. 9. Having conducted a de novo review and considered the motion, the Government's opposition, Dkt. No. 17, Defendant's reply, Dkt. No. 18, and the relevant record, the Court DENIES Mr. Motley's motion.

## 2. BACKGROUND

On November 19, 2025, a grand jury indicted Mr. Motley on three counts: Count 1, possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 2, unlawful possession of firearms in violation of 18 U.S.C. § 922(g)(1); and Count 3, possession with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A), and 841 (b)(1)(B). Dkt. No. 21. The Indictment alleges the third count offense involved 50 grams or more of methamphetamine, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 40 grams or more of fentanyl. *Id.*

The charges arise from three separate arrests over a seven-month period. According to the Government's proffer, on December 12, 2022, Seattle Police officers conducting a narcotics surveillance operation observed Mr. Motley engage in what looked like a hand-to-hand drug transaction; upon arrest, officers recovered suspected fentanyl pills, suspected crack cocaine, and $1,994 in cash from his person. Dkt. No. 17 at 2–3.

On March 13, 2023, officers executed a search warrant at a residence and recovered two firearms along with ammunition and cash totaling over $7,000 from a bedroom the Government alleges was Mr. Motley's. *Id.* at 3. Mr. Motley disputes that the firearms were found at his residence. Dkt. No. 18 at 3.

On July 29, 2023, the Government proffers that officers observed Mr. Motley in an area outside his community custody boundaries; when officers approached, Mr. Motley allegedly fled on foot. Dkt. No. 17 at 3. Upon arrest, officers recovered

suspected fentanyl pills, suspected crack cocaine, and cash. *Id.* A subsequent search of a vehicle associated with Mr. Motley allegedly yielded about 232 grams of suspected fentanyl pills, around 345 grams of suspected methamphetamine, $16,393 in cash, and items consistent with drug distribution. *Id.* at 4.

At the time of these alleged offenses, Mr. Motley was on community custody following his July 2022 release from a 174-month prison sentence for Tampering with a Witness, First Degree Assault, and Unlawful Possession of a Firearm. Dkt. No. 17 at 2; *see also* Dkt. No. 3 at 5. Mr. Motley's criminal history also includes a 2003 juvenile adjudication for First Degree Assault, for which he was committed to the Juvenile Rehabilitation Administration until age 21. Dkt. No. 17 at 8.

On September 30, 2025, Judge Tsuchida held a detention hearing and ordered Mr. Motley detained, finding that "there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community." Dkt. No. 9 at 1. Judge Tsuchida specifically cited Mr. Motley's "lengthy and serious history of criminal convictions," the serious nature of the allegations, the mandatory minimum terms of imprisonment, the fact that the offenses were committed on three separate occasions while Mr. Motley was on state supervision, and his attempt to flee from law enforcement. *Id.* at 1–2. Mr. Motley now moves for revocation of that order. Dkt. No. 16.

### 3.  LEGAL STANDARD

Under the Bail Reform Act, courts must order a defendant's release pending trial unless they determine that no condition or combination of conditions will

reasonably assure both the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(1). Pretrial detention is the exception, not the rule—"liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Accordingly, doubts about whether detention is warranted should be resolved in the defendant's favor. *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

"The United States must prove by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance of the evidence, that the defendant is a flight risk." *United States v. Valenzuela*, No. CR12-062RSL, 2012 WL 1377087, at *1 (W.D. Wash. Apr. 19, 2012) (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)). Where, as here, there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act carrying a maximum term of imprisonment of ten years or more, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A).

This presumption of detention shifts a light burden of production to the defendant, but the government retains the burden of persuasion throughout. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The defendant's burden of production is satisfied and the presumption rebutted when he produces some evidence that he will not flee or threaten community safety if released. *Id.* at 1091

ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER - 4

(defendant rebutted presumption by providing evidence of lengthy residence in U.S., family ties, higher education history, and lack of criminal history).

If the defendant proffers evidence to rebut the presumption, the Court must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). The weight of the evidence is the least important factor, and the Court may not engage in a pretrial determination of guilt or innocence. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Moreover, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir,* 517 F.3d at 1086 (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

A district court reviews pretrial detention orders de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). Although this Court conducts its review without deference to Judge Tsuchida's factual findings, it need not "start over" or proceed as if his decision and findings do not exist. *Id.* at 1193.

### 4. DISCUSSION

Mr. Motley has proffered evidence of family ties, employment, and his record of appearance at state court proceedings. Dkt. Nos. 16, 16-1, 16-2. Even assuming without deciding that Mr. Motley has rebutted the presumption of detention, the

Court concludes that no condition or combination of conditions will reasonably assure the safety of the community.

**4.1      Nature and circumstances of the offenses.**

Mr. Motley is charged with serious drug trafficking offenses involving substantial quantities of fentanyl and methamphetamine. The Indictment alleges that the Count 3 offense involved 50 grams or more of methamphetamine and 40 grams or more of fentanyl—quantities indicative of distribution rather than personal use. Dkt. No. 21 at 2. The charged offenses carry significant penalties, including a mandatory minimum sentence of ten years for the Count 3 offense. 21 U.S.C. § 841(b)(1)(A). *See Valenzuela*, 2012 WL 1377087, at *3 ("The prospect of such a long term of incarceration provides ample incentive for Defendant to flee prior to trial."). Mr. Motley is also charged with being a felon in possession of firearms—two handguns and ammunition found in his residence.

Mr. Motley argues he may be eligible for safety valve relief under 18 U.S.C. § 3553(f), which would eliminate the mandatory minimum. Dkt. No. 16 at 1. But the Government has not conceded eligibility, and safety valve determinations are typically made at sentencing, not pretrial. Even assuming eligibility, Mr. Motley would still face a substantial guidelines sentence given the drug quantities alleged and his criminal history. The potential for significant incarceration remains. This factor weighs heavily in favor of detention.

### 4.2 Weight of the evidence.

While the weight of the evidence is the least important factor, *see Hir,* 517 F.3d at 1090, it still weighs in favor of detention here. The Government proffers that officers observed Mr. Motley engage in drug transactions and found significant quantities of controlled substances on his person and in his vehicle several times. Dkt. No. 17 at 2–4. Officers also located two firearms, ammunition, and substantial cash in his residence. *Id.* at 3. Mr. Motley disputes certain aspects of the Government's proffer, including the location where the firearms were seized and the makeup of certain substances. Dkt. No. 18 at 2–3. These disputes are appropriate for resolution at trial, not at the detention stage. The Court does not make a pretrial determination of guilt or innocence, but the evidence nonetheless counsels against release.

### 4.3 History and characteristics of the defendant.

The third factor requires the Court to consider the history and characteristics of the defendant, including his character, family ties, employment, criminal history, and whether he was on supervision at the time of the charged offenses. 18 U.S.C. § 3142(g)(3). Mr. Motley has presented evidence of significant family ties: he is recently married, has children, and has the support of his wife and extended family. Dkt. No. 16-2. His former attorney attests that he never missed a court date or appointment during his state court proceedings. Dkt. No. 16-1. Mr. Motley has also maintained employment. Dkt. No. 16-2.

But Mr. Motley's criminal history is extensive and troubling. He has two First Degree Assault convictions—one in 2003 resulting in commitment to a juvenile facility until age 21, and another in 2009 resulting in a 174-month prison sentence. Dkt. No. 17 at 8; *see also* Dkt. No. 3. The 2009 conviction also included Tampering with a Witness and Unlawful Possession of a Firearm. Dkt. No. 17 at 8; *see also* Dkt. No. 3. Mr. Motley served about twelve years in prison and was released in July 2022. Dkt. No. 17 at 2; *see also* Dkt. No. 3.

Critically, the charged offenses were committed within months of Mr. Motley's release from prison, while he was on community custody. Despite being under supervision, Mr. Motley allegedly engaged in drug trafficking three times over a seven-month period and possessed firearms as a convicted felon. Dkt. No. 17 at 2–4. As recently as August 2025, Seattle Police officers tried to contact Mr. Motley following an investigation into suspected drug trafficking, and he fled. *Id.* at 3, 7. This pattern of conduct while under supervision weighs heavily against release. *See United States v. Torres*, 995 F.3d 695, 709 (9th Cir. 2021) (flight risk where defendant had "significant criminal history" and "history of failing to appear").

The Court acknowledges Mr. Motley's difficult circumstances—he was "jumped into" a street gang at 10-years old and spent much of his youth and adult life incarcerated. Dkt. No. 16 at 2. The Court also recognizes the positive steps Mr. Motley has taken in recent years, including marriage and maintaining employment. But these positive factors are not enough to overcome the troubling pattern of criminal conduct while under supervision. This factor favors detention.

ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER - 8

**4.4     Danger to the community.**

Finally, the Court considers the nature and seriousness of the danger to any person or the community posed by Mr. Motley's release. 18 U.S.C. § 3142(g)(4). The Government bears the burden of proving this by clear and convincing evidence. *Hir*, 517 F.3d at 1086.

The Court finds the Government has met this burden. Drug trafficking is an inherently dangerous activity. *See United States v. Bethea*, 763 F. Supp. 2d 50, 54 (D.D.C. 2011) ("The purchase and sale of narcotics is an inherently dangerous activity."). The quantities of fentanyl and methamphetamine attributed to Mr. Motley—over 230 grams of suspected fentanyl pills and over 345 grams of suspected methamphetamine in the July 2023 incident alone—pose a substantial danger to the community. Dkt. No. 17 at 4. Fentanyl, in particular, is extraordinarily lethal; even small amounts can be fatal.

Mr. Motley's possession of firearms as a convicted felon compounds the danger. The combination of drug trafficking and firearms creates a heightened risk of violence. *See United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985) (detention justified for defendants with history of drug trafficking and weapons convictions).

Mr. Motley argues that conditions such as home detention with GPS monitoring, drug testing, and mental health treatment would reasonably assure the safety of the community. Dkt. No. 16 at 1, 8; Dkt. No. 18 at 3. The Court is not persuaded. Mr. Motley committed the charged offenses while already under state supervision—a form of monitoring that proved insufficient to deter his alleged

conduct here. There is no basis to conclude that federal supervision would fare any better. Pretrial Services and the Government supported detention below, and nothing in Mr. Motley's motion shows that circumstances have materially changed.

The Court finds that the Government has met its burden to show by clear and convincing evidence that Mr. Motley poses a danger to the community, and that no condition or combination of conditions will reasonably assure the safety of others and the community if he is released.

### 5. CONCLUSION

For the reasons stated above, and based on its de novo review of the record, the Court DENIES Mr. Motley's Motion for Review and Revocation of Detention Order. Dkt. No. 16.

Dated this 8th day of December, 2025.

Jamal N. Whitehead
United States District Judge