UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDOUARD MOTLEY,<br><br>Defendant. | CASE NO. 2:25-cr-00208<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO REVOKE DETENTION ORDER |

On December 8, 2025, this Court denied Mr. Motley's first motion to revoke his detention order after conducting a de novo review of the record. Dkt. No. 26. The Court found, based on the serious drug trafficking charges involving substantial quantities of fentanyl and methamphetamine, Mr. Motley's violent criminal history, and his repeated offending while on state supervision, that no condition or combination of conditions would reasonably assure the safety of the community. *Id.* at 5–10.

Mr. Motley now brings a second motion for temporary release under 18 U.S.C. § 3142(i), which the Honorable Brian A. Tsuchida, United States Magistrate Judge denied on January 30, 2026. Dkt. No. 34. Mr. Motley asks this

**ORDER** DENYING DEFENDANT'S SECOND MOTION TO REVOKE DETENTION ORDER - 1

Court to revoke that order. Dkt. No. 39. Having considered the motion, the Government's response, the reply, the supplemental filings, and the full record—on a de novo review—the Court denies the motion.

The Court understands why Mr. Motley renewed his request. His wife experienced a difficult pregnancy, and their baby has since been born. The letters his wife wrote to the Court are sincere and moving, and the Court is grateful that the baby appears to have arrived healthy. The Court does not question the hardship this family is enduring.

Mr. Motley argues that his guilty plea shows acceptance of responsibility and creates a strong incentive to comply with release conditions, since any violation could double his mandatory minimum from five to ten years. The guilty plea is a new development, but the core problem remains the same. Mr. Motley committed the charged offenses—three times over seven months—while already facing serious consequences for reoffending on state supervision. A new set of consequences, however severe, does not undo that pattern. Nor do the proposed conditions of GPS monitoring and home detention materially differ from what the Court already found insufficient. *See* Dkt. No. 26 at 9–10. In this way, nothing in the current motion changes the Court's prior analysis

The Court is not indifferent to the cost detention imposes on Mr. Motley's wife and children, who bear no responsibility for his conduct. But family hardship, even serious hardship, does not justify release when the Court has found by clear and convincing evidence that no conditions will reasonably assure the safety of the

**ORDER** DENYING DEFENDANT'S SECOND MOTION TO REVOKE DETENTION ORDER - 2

community. *See United States v. Valenzuela,* No. CR12-062RSL, 2012 WL 1377087, at *1 (W.D. Wash. Apr. 19, 2012) ("The United States must prove by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance of the evidence, that the defendant is a flight risk.").

Mr. Motley's Motion for Revocation of Order Denying Motion for Temporary Release, Dkt. No. 39, is thus DENIED.

Dated this 11th day of March, 2026.

Jamal N. Whitehead
United States District Judge